UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ALAN CRIST, | Case No. 13-14008 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

# REPORT AND RECOMMENDATION
# RULE 41(b) DISMISSAL AND
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18)

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On September 19, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Thomas L. Ludington referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of supplemental security income benefits. (Dkt. 3). After plaintiff failed to file his motion for summary judgment in accordance with the Court's scheduling order, defendant filed a motion for summary judgment on April 7, 2014. (Dkt. 18). Plaintiff did not, however, file a motion for summary judgment, contrary to the

1

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

scheduling order dated December 4, 2013. (Dkt. 15). Plaintiff neither filed a motion for summary judgment, nor made any attempt to seek an extension. On February 27, 2014, the Court issued an order for plaintiff to show cause in writing, by March 14, 2014, why he failed to comply with the scheduling order. (Dkt. 17). In the alternative, the Court permitted plaintiff to file his motion for summary judgment by that same date. (Dkt. 17). He did neither. The show cause order specifically provided that "[f]ailure to respond in writing to this Order to Show Cause by **March 14, 2014** may result in the dismissal of plaintiff's case." (Dkt. 17) (emphasis in original).

B.     Administrative Proceedings

Plaintiff filed the instant claims on February 1, 2010, alleging that he became unable to work on January 15, 2007. (Dkt. 12-2, Pg ID 68). The claim was initially disapproved by the Commissioner on June 25, 2010. (Dkt. 12-2, Pg ID 68). Plaintiff requested a hearing and on March 15, 2012, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Gabrielle R. Vitellio, who considered the case *de novo*. In a decision dated March 28, 2012, the ALJ found that plaintiff was not disabled. (Dkt. 12-2, Pg ID 65-78). Plaintiff requested a review of this decision on May 10, 2012. (Dkt. 12-2, Pg ID 59). The ALJ's decision became the final decision of the Commissioner on July 22, 2013, when the Appeals Council denied plaintiff's request for review. (Dkt. 12-2, Pg ID 43-

2

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

49); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

Plaintiff was 51 years of age on the last date insured, which was December 31, 2007. (Dkt. 12-2, Pg ID 70, 77). Plaintiff's relevant work history included work as a Driver, Cart Driver, Front End Loader, Asphalt Roller, Operating Engineer, and Re-Fueler. (Dkt. 12-2, Pg ID 76). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity from the alleged onset date through the last date insured. (Dkt. 12-2, Pg ID 70). At step two, the ALJ found that plaintiff's history of coronary artery disease with hypertension, diabetes mellitus, asthma, gastroesophageal reflux disease, mild degenerative disc disease, depression, status-post closed head injury, and right shoulder impingement were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*. At step four, the ALJ found that plaintiff could not

3

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

perform his previous work. (Dkt. 10-2, Pg ID 76). The ALJ concluded that, through the last date insured, plaintiff had the residual functional capacity to perform light work except that he was limited to simple, routine tasks, should avoid unprotected heights and dangerous machinery, and avoid concentrated exposure to pulmonary irritants such as dust due to his asthma. (Dkt. 12-2, Pg ID 73). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy and was not disabled through the last date insured. (Dkt. 12-2, Pg ID 77-78).

## III. DISCUSSION

### A. Rule 41(b) Dismissal

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior

4

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to

5

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case would be dismissed if he failed to file his motion for summary judgment or respond to the order to show cause. (Dkt. 17). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*.

6

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the filing of the complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, he failed to file an initial brief, and failed to file a reply to defendant's brief. Plaintiff also failed to file any substantive response to the order to show cause. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

This outcome is consistent with the prevailing practice throughout this district. *See e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, *1 (E.D.

7

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

Mich. 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Mason v. Comm'r of Soc. Sec.*, 2013 WL 5423050, *1 (E.D. Mich. 2013) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, *2 (E.D. Mich. 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, *1 (Battani, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Stennis v. Comm'r of Soc. Sec.*, 2012 WL 3758096, *1 (E.D. Mich. 2012) (Hood, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4511251, *1-2 (E.D. Mich. 2012) (Steeh, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

B.  <u>Defendant's Motion for Summary Judgment</u>

In the alternative, the undersigned also recommends that defendant's motion for summary judgment be granted. The undersigned has reviewed the record evidence, the ALJ's decision, and the Commissioner's motion for summary judgment. While plaintiff claims in his complaint that his condition has worsened, and attaches medical records from 2013 in support of this claim, even if the Court could consider such evidence, this does nothing to undercut the ALJ's decision that he was not disabled through the last date insured, which was December 31,

8

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

2007. The Commissioner's argument that the ALJ properly weighed the medical evidence is supported by substantial evidence in the record.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

9

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
*Crist v. Comm'r*; Case No. 13-14008

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 23, 2014                         s/Michael Hluchaniuk
                                                                  Michael Hluchaniuk
                                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

     I certify that on April 23, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Jessie Wang-Grimm, Judith Levy, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): David Alan Crist, P.O. Box 155, 13337 Strong Blvd., South Rockwood, MI 48179.

                                                                    s/Tammy Hallwood
                                                                    Case Manager
                                                                    (810) 341-7887
                                                                    tammy_hallwood@mied.uscourts.gov

10

Report and Recommendation
Rule 41(b) Dismissal and Motion for Summary Judgment
Crist v. Comm'r; Case No. 13-14008