UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN CRIST,

      Plaintiff,

                                     Case No. 13-cv-14008

v.                                  Honorable Laurie J. Michelson

                                     Magistrate Judge Michael J. Hluchaniuk

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [19]

      Before the Court is Magistrate Judge Hluchaniuk's Report and Recommendation to dismiss the complaint under Federal Rule of Civil Procedure 41(b) or, in the alternative, to grant Defendant's Motion for Summary Judgment. (Dkt. 19, R&R.) For the reasons that follow, the Court adopts the Report and Recommendation in part and grants Defendant's Motion for Summary Judgment.

      Plaintiff filed the Complaint *pro se* on September 13, 2013. (Dkt. 1.) Under the Scheduling Order, Plaintiff's motion for summary judgment was due January 17, 2014. (Dkt. 15.) On February 27, 2014, Magistrate Judge Hluchaniuk entered an Order to Show Cause requiring Plaintiff to explain why he did not file a motion for summary judgment. (*See* Dkt. 17.) Magistrate Judge Hluchaniuk warned that failure to respond could result in dismissal of the case. (*Id.*) Plaintiff did not respond. Defendant filed a motion for summary judgment on April 7, 2014. (Dkt. 18.) On April 23, 2014, Magistrate Judge Hluchaniuk issued his Report and Recommendation to dismiss the complaint or grant Defendant's motion. At the conclusion of his report, the Magistrate Judge notified the parties that they were "required to file any objections

within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d)" and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 9.) No party has filed timely objections to the Report and Recommendation.

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Sixth Circuit has held that dismissal for failure to prosecute "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted). The Court of Appeals considers four factors in reviewing a dismissal for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* To establish the culpability required by the first prong, a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Id.* (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citation and quotation marks omitted) (alteration in original)). The Sixth Circuit has also held that its four-factor test is applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (internal quotation marks omitted).

This case involves a *pro se* plaintiff who failed to file a motion for summary judgment in contravention of the Magistrate Judge's Scheduling Order, and failed to respond to the Magistrate Judge's Order to Show Cause. The Court takes these failures very seriously.

2

Nonetheless, in light of the Plaintiff's *pro se* status, the Court finds that the harsh sanction of dismissal for want of prosecution is not warranted.

Other district judges in this Circuit have held that a *pro se* plaintiff seeking review of denial of Social Security disability benefits has no burden to do anything but file a timely complaint, and therefore declined to dismiss under Rule 41 for failure to file a motion for judgment. *See, e.g.*, *Wright v. Comm'r of Soc. Sec.*, No. 09-CV-15014, 2010 WL 5420990, at *1–2 (E.D. Mich. Dec. 27, 2010) (discussing *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)). Although "reasonable jurists may differ on this issue," *Salmo v. Comm'r of Soc. Sec.*, No. 11-14926, 2012 WL 6929176, at *3 (E.D. Mich. Nov. 27, 2012), *report and recommendation adopted*, 2013 WL 273205 (E.D. Mich. Jan. 24, 2013), including judges in this district, this Court finds the Social Security Act does not require a motion for judgment. The Social Security Act provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The plaintiff in this case met his burden by filing a complaint. Therefore, the Court will not dismiss the complaint for failure to prosecute.

That is not to say that the Court will develop arguments for the plaintiff. *Cf. Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (declining to consider an issue that was not briefed and noting that "issues which are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (internal quotation marks and citation omitted)). The Court's role is limited to reviewing the administrative record for obvious errors in order to "affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has

3

made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

Here, Magistrate Judge Hluchaniuk "reviewed the record evidence, the ALJ's decision, and the Commissioner's motion for summary judgment," and found that "[t]he Commissioner's argument that the ALJ properly weighed the medical evidence is supported by substantial evidence in the record." (R&R at 8–9.) He also concluded that "[w]hile plaintiff claims in his complaint that his condition has worsened, and attaches medical records from 2013 in support of this claim, even if the Court could consider such evidence, this does nothing to undercut the ALJ's decision that he was not disabled through the last date insured, which was December 31, 2007." (*Id.*) This Court agrees with the Magistrate Judge's findings.

For the reasons stated, the Court **ADOPTS IN PART** the Report and Recommendation as the findings and conclusions of this Court and **GRANTS** Defendant's Motion for Summary Judgment (Dkt. 18).

**SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 27, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

4